## EGOZCUE *v.* LUNDT.

### APPEAL from the District Court of San Juan.

No. 17.—Decided May 3, 1905.

INJUNCTION—WHEN WRIT WILL ISSUE.—The writ of injunction will issue only where the necessity for relief is urgent to prevent the immediate execution of a specific act which infringes upon or prejudices the rights of a person.

ID.—An extraordinary remedy, such as an injunction, cannot be converted into a common or ordinary remedy which by an indiscreet use thereof may cause serious damage and loss, and therefore an injunction will not issue to prevent a party from prosecuting a summary foreclosure proceeding for the recovery of a debt appearing in a public instrument, and recorded in the registry, where such debt is due and demandable.

ID.—COMMERCIAL BOOKS.—The fact that the debt to which reference is made in the foregoing paragraph does not appear in the books of the petitioner, who is a merchant, is not sufficient to prevent recovery thereof by judicial proceedings by means of an injunction, since commercial books kept in a proper manner only have probatory force among merchants, and from the record it does not appear that the execution creditor was a merchant at the time the contract was entered into or that the debt was the result of a commercial transaction.

ID.—In order that the writ of injunction may issue according to law, it is necessary that there be some element of proof which clearly appears from the face of the sworn application, and which is sufficient to convince the judge of the necessity of the urgent remedy applied for against an unjust act which has been commenced or which is threatened to be commenced.

The facts are stated in the opinion.

*Mr. López Landrón,* for appellant.

*Mr. Díaz Navarro,* for respondent.

Mr. Justice Figueras delivered the opinion of the court.

Manuel Egozcue y Cintrón appeared in this city before Damián Monserrat, a notary, on November 21, 1903, on his own behalf and as liquidator of the commercial firm which did business in this city under the firm name of Egozcue & Co., exhibited several day-books and ledgers, and after a careful examination made at his request by the notary of the entries appearing in said books, it is made a matter of record that they do not show any account in the name of K. H. Lundt, and that there is no entry of any kind upon said books showing a debit or credit in relation to the said Lundt.

Manuel Egozcue appeared before the District Court of San Juan with a copy of this letter, and in an affidavit dated January 14, 1904, he stated that under a public instrument dated May 11, 1901, he appears to be indebted to Karl Hern Lundt in the sum of $10,000, as principal, and $1,500 more as half interest secured by a mortgage on an estate situated in *barrio* Sur of the town of Yauco, said property being now known as "El Ensanche." He affirms that the mortgage deed is recorded in the registry of property; that it is said that the installments are past due, and that the debt is consequently demandable, but it is added that he has never had any accounts with Karl Hern Lundt; that the latter has not listed this credit nor paid the taxes due thereon; that the petitioner has instituted proceedings seeking the annulment of such contract, and to prove that he has never had any business or commercial relations with his alleged creditor, he refers to his books which, according to the statement above referred to, contain nothing to show the existence of this debt, and that said creditor intends to enforce his claim, to the grave prejudice of the petitioner.

After stating these facts, the petitioner states briefy as conclusions of law, that contracts without any consideration

or an illegal consideration produce no effect whatsoever, and if the consideration is false, then the contract is void unless the existence of another legal and real consideration is established, citing in support of his contention sections 1261, subdivision 3; 1274, 1275 and 1276 of the Civil Code, and after all these allegations and some relating to the citations which he considered pertinent of the sections of the law authorizing injunctions, of March 1, 1902, he concluded with a prayer for the issuance of an order ''in the nature of an injunction, requiring Karl Hern Lundt to refrain from prosecuting foreclosure proceedings or continuing such proceedings or attachment for the purpose of effecting a sale of any kind under said instrument No. 136 of March 11, 1901, against the property mortgaged or any of its appurtenances or accessories, and not to permit that this be done by others under his supervision.''

The parties were summoned to appear, Mr. Waldemar Hepp appearing as counsel for Karl Hern Lundt and making an argument; and after the petitioner had requested the taking of evidence, Mr. Richmond, the judge, at once rendered the following decision, under date of January 29, 1904:

''The petition for an injunction is denied, because neither the petition nor the document introduced as evidence contain sufficient motive, basis or ground for the establishment of a presumptive right to the remedy sought or any presumption of right in favor of the plaintiff, while the record does not show any precise and explicit facts indicating the existence either of *force majeure*, or deceit, or intimidation, or absence (falsity) of the consideration of the contract, or mental aberration of the party thereto, which, under the Civil Code, constitute legal motives for the annulment of a contract; nor are the facts set forth sufficient to overcome the rule that a party is estopped from going against his own acts; and the formal act of taking part in the execution of a public instrument implies a consideration for the obligation therein comprised; and, furthermore, even though it be a consideration not material to the decision of the incidental issue, as the

petitioner has remedies in this case under the Mortgage Law and the Regulations for its Execution, and for all the reasons stated; and, in view of the provisions of section 5 of the Injunction Law and sections 1232 to 1237 of the Civil Code, the petition is denied, without any special taxation of costs."

Attorney Rafael López Landrón protested on behalf of the petitioner, Egozcue, against the refusal to admit evidence, and because, he alleges, the provisions of the Injunction Law have not been complied with.

On February 3 of said year Egozcue took an appeal and the record was forwarded to this Supreme Court, where the appellant, through his counsel Rafael López Landrón, repeats substantially the facts and the conclusions which have been set forth above, taken from his initial petition to the District Court of San Juan, and argues that even though there should be a lack of evidence as to the nullity of the contract, he should have been permitted to amplify it by confession or depositions, as he requested in due time.

Attorney Herminio Díaz Navarro entered an appearance on behalf of the respondent, and after a number of continuances the hearing was held on April 13, last, at which act counsel for Manuel Egozcue presented a declaration of his incapacity on account of insanity, and a certificate setting forth the appointment of a guardian duly registered, in favor of his wife, Carmen Acha, after which counsel for both sides made their respective arguments.

There is no doubt that a restraining order such as that sought implies the necessity of an urgent and immediate remedy to prevent the performance of a specific act which encroaches upon or prejudices the right of a person, but a law of such scope and, in a proper case, of such beneficent results, cannot be converted into an ordinary or common remedy which may thoughtlessly by its indiscreet application produce real loss and damage to parties who, like the respondent, produce a public instrument recorded in its favor

in the registry and executed with all the external formalities which the law requires, and which contains a clear confession of the debt past due, as may be deduced from the initial petition of the appellant.

It appears that the law, and the trial judge has so held, requires a principle of evidence emanating spontaneously and clearly from the sworn petition, which convinces the judge of the necessity of the urgent remedy requested against an unjust act, the performance of which has been begun or which is about to be begun.

But what the petition does show is that Manuel Egozcue entered into a loan contract secured by mortgage and that he received a sum of money, that the debt is past due and that execution, which at the present time constitutes a just an logical act, is feared.

And to prevent this act it is not sufficient that the debt in question does not appear in the books of Egozcue & Co., because it is known that commercial books kept in proper form have probatory force between merchants according to article 48 of the Code of Commerce, and nowhere does it appear that Mr. Karl Hern Lundt was a merchant at the time of the contract and that the debt was contracted in a commercial transaction.

And as to the allegation that evidence should have been admitted, it is true that the trial judge did not decide anything on this point in the judgment appealed from, but, at any rate, it would appear that even though it were assumed that in proceedings involving such petitions for injunction the means of proof proposed by the appellant of confession and witnesses were allowed, such evidence was not adduced in a specific and definite manner, the petitioner confining himself to a petition for the admission of evidence in the proceedings.

In view of these reasons we recommend that the decree of January 29, 1904, made by the court of San Juan be

affirmed, and that the costs of the appeal be taxed against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Mac-Leary and Wolf concurred.